UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:21-cv-21952-KMM

JEAN PIERRE,

    Movant,

v.

RICKY D. DIXON,
*Secretary, Florida Department of Corrections*,

    Respondent.
_____/

**ORDER ON REPORT AND RECOMMENDATION**

THIS CAUSE came before the Court upon Petitioner Jean Pierre's ("Petitioner") Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. ("Petition") (ECF No. 1). The Court referred the matter to the Honorable Lauren F. Louis, United States Magistrate Judge, who issued a Report and Recommendation recommending that the Petition be DENIED. ("R&R") (ECF No. 10). Petitioner objected to the R&R. ("Objs.") (ECF No. 13). The matter is now ripe for review. As set forth below, the Court ADOPTS the R&R.

**I.    BACKGROUND**

    **A.  Factual Background**

On November 26, 2012, Petitioner was charged by Amended Information in the Circuit Court of the Eleventh Judicial District in and for Miami-Dade County, Florida, with (1) retaliating against a witness, in violation of Fla. Stat. § 914.23; (2) attempted armed robbery, in violation of Fla. Stat. §§ 812.13(2)(b), 775.087, 777.04; (3) aggravated assault with a weapon, in violation of Fla. Stat. §§ 784.021(1)(a), 775.087(1); (4) aggravated assault with a firearm, in violation of Fla. Stat. §§ 784.021(1)(a), 775.087; (5) possession of a firearm by a convicted felon, in violation of

Fla. Stat. §§ 790.23(1), 775.087; and (6) tampering with a witness, in violation of Fla. Stat. §§ 914.22(1), 914.22(2)(c), 777.011.  R&R at 2; (ECF No. 3-1).

The Petition concerns the underlying testimony and evidence provided by victim Kiani Brown.  On March 23, 2012, Ms. Brown reported that she was at a bus stop at NW 7th Avenue and NW 36th Street in Miami, Florida waiting for the bus when she was approached by Petitioner.  R&R at 2; (ECF No. 3-2) at 2.  Petitioner at the time had a large rock in his hand and walked up to Ms. Brown, threatening to hit her with the rock if she did not give him any cash.[1]  *Id.*  Three days later, Ms. Brown was again at a bus stop, at NW 12th Avenue and 67th Street.  *Id*.  While waiting, a grey Honda Accord drove by, where Petitioner was seated in the front passenger side of the vehicle.  *Id*.  The vehicle then returned and stopped in close proximity to where Ms. Brown was waiting.  *Id.*  Petitioner's window then rolled down and Ms. Brown stated she saw Petitioner point a firearm at her and start laughing.  *Id*.  Ms. Brown then started speaking to an unknown pedestrian, who had just walked up to the bus stop, as if she knew her.  *Id.*  The vehicle then proceeded to drive away from the bus stop.  *Id.*  Ms. Brown then heard gun shots coming from the vehicle.  *Id.*

On July 23, 2012, Ms. Brown authored a sworn affidavit, (the "2012 Affidavit"), within which Ms. Brown stated that she contacted Petitioner's trial counsel and requested a meeting.  R&R at 3; (ECF No. 3-4) at 1.  In the 2012 Affidavit, Ms. Brown recanted her initial report and

---

[1] Petitioner specifically stated: "Who gonna take the stand if I hit you with this rock, hoe?"  (ECF No. 3-2 at 2).  Ms. Brown had originally testified for the prosecution and was deposed for a felony case in which Petitioner was co-defendant and was charged with one count of attempted premeditated murder with a firearm causing serious bodily injury, in violation of Fla. Stat. §§ 777.04(1), 775.087, among other charges. *Id.* at 1.

attested that neither incident on March 23, 2012 nor March 26, 2012 occurred. Ms. Brown further attested that she signed the affidavit of her own free will without coercion. *Id.*

Following the 2012 Affidavit, Ms. Brown provided several other inconsistent statements leading up to Defendant pleading guilty. R&R at 3. Detective Roderick Passmore, a detective with the City of Miami Police Department, spoke to Ms. Brown over the phone, during which Ms. Brown stated that she went to Petitioner's counsel's office because people were threatening her and she was fearful of retaliation for her cooperation. R&R at 4; (ECF No. 3-5) at 3. Ms. Brown further attested in a later statement to Detective Passmore that she was in fact threatened with a rock and a firearm by Petitioner on March 23, 2012 and March 26, 2012. R&R at 4; (ECF No. 3-11) at 4. Approximately three months later, state prosecutors met with Ms. Brown, where Ms. Brown stated that she had not signed the 2012 Affidavit and that the signature on the Affidavit was not hers. R&R at 4; *Id.* at 81. Ms. Brown then admitted that she had in fact signed the Affidavit, but only reviewed the second page and not the entire document prior to signing. *Id.*

On November 26, 2012, the State filed an amended information charging Petitioner with an additional count of witness tampering. R&R at 4; (ECF No. 3-1) at 7. That same day, the State represented to the court that Ms. Brown was present and desired to speak to the court. R&R at 4; (ECF No. 3-6) at 4. The State represented to the court that it believed Ms. Brown was about to commit perjury and requested the court advise Ms. Brown that she has the right to an attorney. R&R at 4; *Id*. at 4–5. Ms. Brown was then sworn in and prior to testifying, the court advised Ms. Brown that anything she says can be used against her if the statements are false, and she could be charged with perjury. R&R at 4; *Id*. at 7. The court then asked if Ms. Brown first wanted to speak to an attorney, to which Ms. Brown confirmed that she was represented. R&R at 4; *Id.* The court

then requested Ms. Brown call her attorney so that he could be present while being asked questions. *Id.* at 8.  Ultimately, Ms. Brown did not testify. *Id.*

On January 30, 2013, Petitioner entered a plea on all charges. R&R at 4; (ECF No. 3-7). At the change of plea, the court asked whether there was approval by the victim, Ms. Brown, of the plea. *Id.* at 7.  The State responded, "Judge, if you recall this is the victim who came to court and attempted to recant in front of your honor.  At this point [in] time the State believes that this is in everyone's best interest." R&R at 4; *Id.*

Pursuant to the plea agreement, the State waived multiple minimum mandatory sentences and Petitioner was sentenced to credit time served and 5 years' probation. (ECF No. 8-1) at 31; (ECF No. 7 at 24).  Judgment was entered on February 7, 2013, (ECF No. 8-1 at 27), and no appeal was taken. R&R at 5.  On July 23, 2013, an amended affidavit of violation of probation was filed, alleging that Petitioner had violated his conditions of probation. R&R at 5.  Based on such violations, the court revoked Petitioner's probation and sentenced Petitioner to 40 years imprisonment, followed by 10 years of probation. R&R at 5.

**B. Procedural History**

Petitioner appealed the sentence imposed on his probation violations, which the Third District Court of Appeal of Florida affirmed, but remanded for correction of the revocation order to exclude one of the violations. *Pierre v. State*, 197 So. 3d 604 (Fla. 3d DCA 2016); (ECF No. 8-2) at 2.  Petitioner then moved for a rehearing, which was denied. (ECF No. 8-2) at 4, 15.  The mandate from the Third District Court of Appeal was issued on August 1, 2016. *Id.* at 17.

On August 17, 2017, Petitioner filed a motion for post-conviction relief, pursuant to Florida Rule of Criminal Procedure 3.850 ("Rule 3.850 Motion"), alleging newly discovered evidence of

innocence. R&R at 6; (ECF No. 3-10). The new evidence concerned an affidavit from Ms. Brown dated February 22, 2017 (the "2017 Affidavit"). R&R at 6. In the 2017 Affidavit, Ms. Brown states that (1) she did not witness anything in the original attempted murder case, (2) she was never threatened by Petitioner by either a rock or firearm in this case, (3) she never spoke to Detective Passmore following the 2012 Affidavit, and (4) in November 2012 she planned to recant in court, but was scared to do so because of the statements the judge and the prosecutors made that day. *Id.* at 6. After conducting an evidentiary hearing, the court denied the Motion because it found that the 2017 Affidavit was not newly discovered evidence. (ECF Nos. 3-15, 3-16). Accordingly, the state court denied the Rule 3.850 Motion as untimely. *Id.*

Petitioner appealed the decision asserting it was error to deny the Rule 3.850 motion based on the finding that Ms. Brown's affidavit was not newly discovered evidence. (ECF No. 3-17). The Third District Court of Appeal affirmed the decision. (ECF Nos. 3-20, 3-22); *Pierre v. State*, 303 So. 3d 214 (Fla. 3d DCA 2020). Petitioner filed a motion for rehearing, which was denied. R&R at 6. The mandate was issued on August 19, 2020. (ECF No. 3-22).

On May 25, 2021, Petitioner filed the instant Petition for a writ for habeas corpus pursuant to 28 U.S.C. § 2254, raising three grounds for relief: (1) counsel was ineffective for failing to investigate Ms. Brown as a witness; (2) the State failed to disclose exculpatory evidence and not manufacture inculpatory evidence; and (3) Petitioner is actually innocent of the underlying charges. *See* (ECF No. 1).

## II. LEGAL STANDARD

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

The Court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). A *de novo* review is therefore required if a party files "a proper, specific objection" to a factual finding contained in the report. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). "It is critical that the objection be sufficiently specific and not a general objection to the report" to warrant *de novo* review. *Id.*

### III.  DISCUSSION

As set forth in the R&R, Magistrate Judge Louis recommends that the Court deny the Petition. R&R at 25. Magistrate Judge Louis first finds that the Petition was filed untimely. R&R at 8–16. Specifically, Magistrate Judge Louis provides that (1) the Rule 3.850 Motion filing did not toll the federal habeas clock, (2) equitable tolling is not applicable because there was no tolling during the pendency of the 3.850 Motion, and (3) under the actual innocence exception, Petitioner failed to demonstrate through the 2017 Affidavit that he is actually innocent. *Id.* In the event the Court disagrees with Magistrate Judge Louis's denial on lack of timeliness, the R&R further provides that the merits claims should also be denied. *Id.* at 16. Magistrate Judge Louis did not hold an evidentiary hearing and recommends denial of a Certificate of Appealability. *Id.* at 24–25.

Petitioner raises both factual and legal objections to the R&R. *See generally* Objs. With respect to the factual objections, Petitioner states that the R&R does not include the full history concerning the 2012 Affidavit, specifically Ms. Brown's alleged communications with Petitioner prior to her recanting her statement, and Ms. Brown's fears that the State would prosecute her of perjury. *See* Objs. at 5–7. With respect to the legal objections, Petitioner argues that the state court ruling, which denied the Rule 3.850 Motion as untimely, was erroneous and the R&R's

reliance on this holding improperly entitled the state court to "absolute deference." *Id.* at 10. Petitioner further objects to the legal conclusion that he has failed to allege, or demonstrate, actual innocence. *Id.* at 12. With respect the merits claims, Petitioner concedes that his two constitutional claims were procedurally defaulted, but argues that the actual innocence claim should have been treated as a gateway to allow merits consideration of the constitutional claims. *Id.* at 16.

The Court takes each of Magistrate Judge Louis's findings, and Petitioner's corresponding objections, in turn.

**1. TIMLINESS**

"The federal Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a 1-year statute of limitations for filing a federal habeas corpus petition." *Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005) (citing § 2244(d)(1)). The year commences on "the date on which the judgment became final by . . . the expiration of the time for seeking [direct] review." § 2244(d)(1)(A). Under this clause, "the judgment becomes final . . . when the time for pursuing direct review in [the Supreme] Court, or in state court, expires." *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). AEDPA's limitations period is tolled while "a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Kearse v. Sec'y, Fla. Dep't of Corr.*, 736 F.3d 1359, 1362 (11th Cir. 2013) ("In order to toll the statute of limitations, the application for state postconviction relief must be properly filed."). A state postconviction motion is "properly filed"

7

when "its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).

The precise issue with respect to Magistrate Judge Louis's timeliness finding is whether Petitioner's Rule 3.850 Motion, alleging newly discovered evidence of innocence in state court, tolled the statute of limitations period. The R&R provides that the statute of limitations began to run on October 13, 2016 after the state court judgment was final (and following the 60 day period to file a writ of certiorari), giving Petitioner through October 13, 2017, absent any tolling, to file a timely federal habeas corpus petition. R&R at 9. Petitioner filed the 3.850 Motion on August 17, 2018, which the state court rendered untimely during a hearing on June 15, 2018. *Id.* Relying on *Jones v. Sec'y, Fla. Dep't of Corr.*, the R&R states that "when a state court unambiguously rules that a post-conviction petition is untimely filed under state law, we must respect that ruling and conclude that the petition was not 'properly filed' for the purposes of § 2244(d)(2)." *Id.* at 10 (citing 906 F.3d 1339, 1350 (11th Cir. 2018)). Without finding that the testimony did constitute new evidence when the state evidentiary hearing occurred on June 15, 2018, Magistrate Judge Louis found that such untimely Motion did not toll the time to file a federal habeas petition during its pendency. R&R at 10–11.

Petitioner objects, arguing that the R&R errs in its deference to the state court finding that the Rule 3.850 Motion was untimely, referring to Magistrate Judge Louis's deference to the state court ruling as "determinative" and "absolute deference." Objs. at 10. Petitioner takes issue with the R&R's reliance on *Jones* to support the proposition that "[w]hen a postconviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)." *Id.* Petitioner contends that *Jones* invokes a "normal deference" standard, where the state court is afforded

significant, but not absolute deference. Objs. at 10. Petitioner asserts that although the standard is deferential to a state court's finding, if the state court unreasonably determined the facts, a defendant may be entitled to federal habeas relief. *Id.* Petitioner concludes that the R&R would create an absolute bar for federal habeas petitions based on evidence that a state court has found does not qualify as newly discovered, "even if the State court ruling is wrong." *Id.* at 9.

The question before the Court is whether it was proper for Magistrate Judge Louis to defer to the state court's ruling. The law in the Eleventh Circuit is clear. "[W]hen a state court unambiguously rules that a post-conviction petition is untimely under state law, we must respect that ruling and conclude that the petition was not 'properly filed' for the purposes of § 2244(d)(2)." *Jones v. Sec'y, Fla. Dep't of Corr.*, 906 F.3d 1339, 1350 (11th Cir. 2018); *Stafford v. Thompson*, 328 F.3d 1302, 1305 (11th Cir. 2003)("[W]e are bound by the state court's determination that the appeal was untimely."); *Sweet v. Sec'y, Dep't of Corr.*, 467 F.3d 1311, 1318 (11th Cir. 2006)("[W]hen a state court determines that a petition is untimely . . . the timeliness decision standing alone compels a federal court to conclude that the state motion was not 'properly filed.'"); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("[W]e see no principled reason to apply a lesser measure of deference to the state court in the context of § 2244(d)(2) than we apply in the context of procedural default questions. We therefore conclude that the state court's holding that [the] Rule 3.850 petition was time-barred is due deference.").

Petitioner asserts, without citing to any authority, that there is a cognizable difference in the level of deference afforded to a state law decision when reviewing a post-conviction state law ruling. Objs. at 10. From what the Court can ascertain, this revised deference standard would require the court to address the merits every time a state court rules that a post-conviction petition

is untimely. Petitioner's argument is foreclosed by the binding precedent of this Circuit. The Court thus agrees with Magistrate Judge Louis's findings that the Rule 3.850 Motion did not toll the time to file a federal habeas petition during its pendency. Accordingly, Petitioner's objections are overruled.

### 2. EQUITABLE TOLLING

"'If a defendant files a petition for a federal writ of a habeas corpus beyond section 2244(d)(1)'s one-year limitation period,' the court can still review the otherwise untimely petition if one of two equitable exceptions are met: 'equitable tolling' or 'actual innocence.'" *Gerome v. Fla. Dep't of Corr.*, No. 23-23778-CIV, 2024 WL 1759137, at *5 (S.D. Fla. Apr. 24, 2024) (quoting San Martin v. McNeil, 633 F.3d 1257, 1267 (11th Cir. 2011)) (alterations omitted). Petitioner argues that the time during which he was negotiating with state prosecutors for a sentence reduction should equitably toll his time to file this Petition. Petition at 30. In the R&R, Magistrate Judge Louis finds that Petitioner's argument for equitable tolling during negotiations with the State depends on his assumption that his Rule 3.850 Motion was properly filed and thus tolled the statute of limitations until at least 2020. R&R at 11. The R&R accordingly provides that because the Rule 3.850 Motion was not properly filed, it did not toll the statute of limitations and thus any actions taken thereafter would not equitably toll the deadline that already elapsed. *Id.* Petitioner objects on the same grounds stated above—that the Rule 3.850 Motion tolled the federal habeas clock. Objs. at 11.

In light of the Court's finding that the Rule 3.850 Motion did not toll the federal habeas clock, the Court accordingly overrules Petitioner's objection with respect to equitable tolling for the reasons set forth above.

### 3. ACTUAL INNOCENCE

Petitioner further argues that the Petition is reviewable under the actual innocence exception, arguing that the 2017 Affidavit confirms that Petitioner never committed these crimes and only pleaded guilty due to the State successfully intimidating Ms. Brown into inculpating him. Petition at 25. Magistrate Judge Louis rejected this argument, holding that the 2017 Affidavit "can hardly be considered new in that Ms. Brown's recantation was well known to Petitioner." R&R at 15. Given Petitioner knew of Ms. Brown's recantations and still pleaded guilty, the R&R concludes "'it is difficult for him to now argue that the evidence is new and of such exculpatory value that no reasonable juror could have convicted him because of it.'" *Id.* at 16 (citing *Moncrief v. Baldwin*, 2023 U.S. Dist LEXIS 199952, 2023 WL 8610127 (M.D. Ala. 2023)).

Petitioner objects on the grounds that (1) it is a valid actual innocence claim that a person pleaded guilty knowing they were innocent, but fearing that they would be convicted by false testimony put on by the State, (2) there is no additional evidence that the crimes took place, outside of Ms. Brown's initial statements, and thus the 2017 Affidavit would prove that Petitioner is actually innocent, and (3) the Court must provide an actual merits-based analysis of Ms. Brown's testimony and the history of the case, rather than simply concluding that the Petition is procedurally barred. Objs. at 11–14.

In consideration of Petitioner's claim of actual innocence, the Court also considers Petitioner's factual objections to the R&R. Specifically, Petitioner notes that the R&R fails to consider that there is no evidence of Petitioner "terrorizing or threatening" Ms. Brown to recant. Objs. at 5. Petitioner further argues that the State and trial judge "intimidated" Ms. Brown after she expressed she intended to recant. *Id.* Petitioner asserts that when Ms. Brown intended to

testify and recant her initial statements, the trial judge was "willing to treat Ms. Brown as a potential perjurer and criminal at the State's request, with the intent and effect of preventing her from giving exculpatory testimony." *Id.* Petitioner concludes that such facts are "critical" to the Petition, and although the 2012 Affidavit was submitted prior to Petitioner entering his plea, this affidavit was never believed or accepted by the State. *Id.*

Considering Petitioner's factual and legal objections, the Court agrees with the R&R that Petitioner has not presented new evidence that would demonstrate his actual innocence. "A credible showing of actual innocence may allow a prisoner to pursue his constitutional claims . . . on the merits notwithstanding the existence of a procedural bar to relief." *McQuiggin v. Perkins*, 569 U.S. 383, 393–94 (2013). Habeas petitioners asserting actual innocence as a gateway to review of defaulted or time-barred claims must establish that, "in light of the new evidence, it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). To be credible, a claim of actual innocence requires the petitioner to "support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Id.* at 324. This standard is demanding, and only permits review in the "extraordinary" case. *House v. Bell*, 547 U.S. 518, 538 (2006).

The Court agrees with Magistrate Judge Louis's findings that the 2017 Affidavit is not newly discovered evidence, and recites "identical exculpatory statements" to the 2012 Affidavit. R&R at 15. Petitioner's conviction of guilt rests on his guilty plea, which he knowingly and voluntarily entered into with the knowledge of such exculpatory statements. With respect to the allegations that the State and trial judge "intimidated" Ms. Brown, and colloquied her on the risks

of perjuring herself, this does not change the underlying factual underpinnings that Ms. Brown had provided several inconsistent statements regarding Petitioner's underlying allegations, falling far short of the "trustworthy eyewitness accounts" required to meet the extraordinary circumstances wherein the Court has lost confidence in the outcome of the case. *Schlup*, 513 U.S. at 327. The Court thus overrules Petitioner's objection as to his claim of actual innocence.

Accordingly, since Petitioner has presented no valid reasoning supported by the record that he is actually innocent, the Petition is time-barred pursuant to 28 U.S.C. § 2244(d)(1)-(2) and he is not entitled to review on the merits.

The Court further agrees with the R&R that the pertinent facts of the case are fully developed in establishing that habeas relief is precluded, and thus Petitioner's request for an evidentiary hearing is denied. *See Chavez v. Sec'y, Fla. Dep't of Corrs.*, 647 F.3d 1057, 1060 (11th Cir. 2011) (holding that in a habeas proceeding, the burden is on the petitioner to establish the need for an evidentiary hearing).

## IV.     CERTIFICATE OF APPEALABILITY

A certificate of appealability shall issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make such a showing, an applicant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (citation omitted), or that "the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Here, the Court agrees with the R&R's findings that Petitioner has not made a substantial showing of the denial of a constitutional right.

Nor has Petitioner raised issues that reasonable jurists would find debatable. A certificate of appealability is not appropriate here.

## V. CONCLUSION

Accordingly, UPON CONSIDERATION of the Petition, the R&R, the Objections, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that Magistrate Judge Louis's R&R (ECF No. 10) is ADOPTED. Petitioner's Objections (ECF No. 13) are OVERRULED and Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is DENIED.

The Clerk of Court is INSTRUCTED to CLOSE THIS CASE. All outstanding Motions are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this __25th__ day of September, 2024.

                                                       K. MICHAEL MOORE
                                                       UNITED STATES DISTRICT JUDGE

c: All counsel of record